**Ex parte Ronald Keith ALLRIDGE, Applicant.**

**No. 71003.**

Court of Criminal Appeals of Texas, En Banc.

June 26, 1991.

Rehearing Denied Oct. 9, 1991.

---

**153**

Steven M. Schneebaum, Peter D. Robertson, Daniel M. Flores, Laura H. Hills, Washington, D.C., Eden E. Harrington, Austin, for appellant.

Tim Curry, Dist. Atty., and C. Chris Marshall, David K. Chapman and Greg Pipes, Asst. Dist. Attys., Fort Worth, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

CAMPBELL, Judge.

This is a post-conviction application for writ of habeas corpus filed pursuant to Tex.Crim.Proc.Code art. 11.07.

Applicant was convicted of capital murder and sentenced to death by lethal injection. On direct appeal, this Court affirmed applicant's conviction and sentence. *Allridge v. State,* 762 S.W.2d 146 (Tex.Cr.App. 1988) *cert. denied,* 489 U.S. 1040, 109 S.Ct. 1176, 103 L.Ed.2d 238 (1989).

Applicant challenged his conviction by writ of habeas corpus, alleging *inter alia* that he was denied the opportunity to present mitigating evidence at the punishment phase of his trial, and that Tex.Crim. Proc.Code art. 37.071 as applied by the trial court rendered his counsel ineffective at the punishment phase, in violation of his right to counsel under the Sixth Amendment, United States Constitution and art. 1 § 10, Tex. Constitution.

In essence, applicant alleges that the Texas capital sentencing procedures rendered his counsel ineffective by forcing his counsel to withhold mitigating evidence at trial. He claims such evidence was withheld because the jury had no viable means to consider and give effect to such evidence. Further, he claims such evidence would now entitle him to relief under *Penry v. Lynaugh,* 492 U.S. 302, 109 S.Ct. 2934, 106 L.Ed.2d 256 (1989).

After reviewing the record from the punishment phase of applicant's trial, we find that the mitigating evidence actually presented by applicant did not entitle him to an instruction on mitigation under *Penry.* We will not consider mitigating evidence that was not presented at trial for tactical or strategic reasons unrelated to the functioning of art. 37.071. After reviewing the record from the writ hearing held by the trial court and the trial court's subsequent findings of fact and conclusions of law, we find that applicant's counsel was reasonably effective and demonstrated logical and tactical reasons for not presenting all of the potentially mitigating evidence available to him at the time of trial. The record demonstrates that counsel's logical and tactical reasons for not presenting this mitigating evidence were independent of the concerns raised by the Supreme Court's decision in *Penry.* Thus, we find that applicant's writ of habeas corpus was improvidently filed and set.

Relief is denied.

CLINTON, J., dissents.

CLINTON, Judge, dissenting.

For the reasons stated in my dissent in *Ex Parte Leonel Torres Herrera,* 819 S.W.2d 528 (Tex.Cr.App.1991), I dissent.